# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 8:12-cr-00320-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| RONNIE GENE WILSON | ) | |
| ATLANTIC BULLION & COIN, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| IN RE: RECEIVER FOR | ) | Civil Action No. 8:12-cv-2078-JMC |
| RONNIE GENE WILSON AND | ) | |
| ATLANTIC BULLION & COIN, INC., | ) | |
| _____ | ) | |

## ORDER

Whereas, the United States requested with the consent of Defendants, and the Court granted, pursuant to Title 18, United States Code, Section 1956(b)(4)(A), a motion for an appointment of a Federal Receiver regarding Ronnie Gene Wilson ("Wilson") and Atlantic Bullion & Coin, Inc. ("AB&C") (collectively, "Defendants") (Criminal Action No. 8:12-cr-00320-JMC). It now appears to the Court that there are entities and individuals controlled by and/or alter egos of the Defendants to include Republic Bullion & Coin, Inc.; Henry & Crowder Family Ltd. Partnership; Henry & Crowder, LLC; Bailey & Rice Family Ltd. Partnership; Live Oak Farms; Smallwood Family Trust; Professional Planning of Easley, LLC; and their subsidiaries, successors and assigns. Collectively, these individuals and Defendants shall be referred to as the "AB&C Receivership Entities".

Whereas, the Government and Defendants ask that the Receiver be vested with full and exclusive power, duty and authority to administer and manage the business affairs,

funds, assets, choses in action and any other property of the AB&C Receivership Entities, marshal and safeguard all of the assets of the AB&C Receivership Entities, and take whatever actions are necessary for the protection of the United States and investors.

Whereas, the Court has appointed Beattie B. Ashmore, Esquire, Greenville, South Carolina, who the Court finds is eminently qualified to be appointed as Receiver of all of the assets, properties, books and records, and other items of the AB&C Receivership Entities.

Whereas, the Clerk of Court's office is directed to assign a civil action number, and for the entry of this Order therein, superseding the Court's earlier Orders dated May 24, 2012 (ECF Doc. No. 30) and June 14, 2012 (ECF Doc. No. 31) both in Criminal Action. No. 8:12-cr-00320-JMC, to allow the Receiver to carry out his duties and obligations as directed and ordered by this Court.

Now, Therefore, IT IS ORDERED, ADJUDGED AND DECREED that the appointed Receiver for the AB&C Receivership Entities is hereby authorized, empowered, and directed to:

1. Take immediate possession of all property, assets and estates owned, controlled, used, accessed or authorized by or for the benefit of the AB&C Receivership Entities, (including assets and property directly traceable to the AB&C Receivership Entities that may be in the possession of Wilson's family members and acquaintances) that have and continue to receive, withdraw, hold, and /or disburse money on behalf of the AB&C Receivership Entities or in the possession of the AB&C Receivership Entities of every kind whatsoever and wheresoever located, including, but not limited to, rights of action, books, papers, data processing records, evidences of debt, bank accounts, savings accounts, certificates of deposit, stocks, bonds, debentures and other securities, mortgages, furniture, fixtures, office

supplies and equipment, and all real property of the AB&C Receivership Entities, wherever situated, and to administer such assets as is required in order to comply with the directions contained in this Order, and to hold all other assets pending further order of this Court.

Access to Seized Documents and Property

In the event that any of the foregoing documents or property have been seized by the United States Secret Service ("USSS"), such authorities are directed to grant the Receiver and his agents full and unfettered access to review and copy such documents and property to permit the Receiver to discharge his duties, subject to the USSS's ability to review, store, and assure said documents are safeguarded for use in future legal proceedings. In addition, the USSS is directed to turn over any and all assets seized from the AB&C Receivership Entities directly to the Receiver. Any entity that has possession, custody, or control of any asset of the AB&C Receivership Entities is directed to turn over such asset to the Receiver.

2. Investigate the manner in which the affairs of the AB&C Receivership Entities were conducted and institute such actions and legal proceedings, for the benefit and on behalf of the AB&C Receivership Entities, and their respective investors or other creditors, as the Receiver deems necessary against those individuals, corporations, agencies, partnerships, associations and/or unincorporated organizations, that the Receiver may claim to have wrongfully, illegally or otherwise improperly be in the possession of or misappropriated / transferred monies or other proceeds directly or indirectly traceable from investors in the Ponzi scheme operated by Defendants, including their respective officers, directors, employees, affiliates, subsidiaries or any persons acting in concert or participation with them, or against any transfers of monies or other proceeds directly or indirectly traceable from investors in AB&C; provided such actions may include, but not be limited to,

seeking imposition of constructive trusts, disgorgement of profits, of debts, and such orders from this Court as may be necessary to enforce this Order.

3. Present to this Court a report reflecting the existence and value of the assets and liabilities of the AB&C Receivership Entities. If the Receiver in executing his duties believes it is in the best interest of all parties and persons affected that certain assets seized should be liquidated prior to a final liquidation of assets in order to maximize the value, the Receiver shall submit to the Court a request for approval, and, if good cause be shown, such approval will be granted. However, the Court is aware that the Receiver is in the possession of certain assets including but not limited to livestock and perishable food items that may need to be sold forthwith in order to preserve their value. As to these assets, the Receiver is authorized to conduct a sale at his discretion without obtaining a specific order from the Court.

4. Appoint one or more special agents, employ legal counsel, actuaries, accountants, clerks, consultants and assistants as he deems necessary and to fix and pay their reasonable compensation and reasonable expenses thereof and all reasonable expenses of taking possession of the AB&C Receivership Entities' assets and businesses, and exercising the power granted by this Order, subject to approval by this Court at the time the Receiver accounts to the Court for such expenditures and compensation.

5. Engage persons in his discretion to assist him in carrying out his duties and responsibilities as Receiver, including, but not limited to, the United States Marshal's Service or a private security firm.

6. Defend, compromise or settle legal actions, including the instant proceeding, wherein the Defendants or the Receiver are a party, commenced either prior to or subsequent

to this Order, with authorization of this Court; except, however, in actions where any Defendant is a nominal party, as in certain foreclosure actions where the action does not affect the assets of the Defendants, the Receiver may file appropriate pleadings in his discretion.

7. Assume control of, and be named as authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession, custody or control of any assets or funds, wherever situated, of – or for the benefit of – the AB&C Receivership Entities and, upon order of this Court, of any of their subsidiaries or affiliates, provided that the Receiver deems it necessary.

8. Make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by the Receiver, that which are reasonable in discharging his duties as Receiver.

9. Have access to and review all mail except for mail from the Defendants' attorney to Defendants, as more fully set forth in paragraph 21 of this Order.

10. Upon conviction or guilty plea, if such a conviction or guilty plea comes to bear, do all things necessary, including, but not limited to fashioning and distributing a proof of claim form in order to obtain, collect, analyze, verify and present to the Court information related to the financial loss of victims.

11. Upon entry of an Order of Restitution, if such an order is entered, do all things necessary to effectuate a distribution, including, but not limited to fashioning and submitting a Plan for Claims Administration and Distribution of Proceeds to be approved by the Court; locating, seizing, managing and liquidating, with Court approval, assets held or obtained by the Receiver; and distributing, at the Court's discretion, the corpus of the Receiver Estate to

those persons who have met the requirement for and are entitled to restitution.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, in connection with the appointment of the Receiver provided for above:

12. The AB&C Receivership Entities and all of their respective directors, officers, agents, employees, attorneys, attorneys-in-fact, shareholders, sales representatives and other persons who are in custody, possession, or control of any assets, books, records, or other property of the AB&C Receivership Entities shall deliver forthwith upon demand such property, monies, books and records to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions that have possession, custody or control of any assets or funds in the name of or for the benefit of the AB&C Receivership Entities.

13. All banks, brokerage firms, financial institutions, or other business entities that have or may have – per information provided by the Receiver – possession, custody or control of any assets, funds or accounts in the name of, or for the benefit of the AB&C Receivership Entities or in the name of or for the benefit of individuals known to be working in concert with the AB&C Receivership Entities (including those acting in the capacity of sales representatives) shall cooperate expeditiously in providing necessary information and in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver. Any required disclosure and notification of the Receiver's request for information and/or control of said assets and accounts shall occur in a manner so as not to impede the duties of the Receiver.

14. Unless and as authorized by the Receiver, the AB&C Receivership Entities, and their respective principals or anyone purporting to act on their behalf shall take no action on

behalf of or for the benefit of the AB&C Receivership Entities.

15. The AB&C Receivership Entities, and their respective principals, officers, agents, employees, attorneys-in-fact, and sales representatives shall cooperate fully with the Receiver, including, if requested, appearing for deposition testimony and producing documents, upon two business days' notice (which may be sent by facsimile), and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of his duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, or choses in action described above.

16. The Receiver, or any counsel who the Receiver may select, is entitled to reasonable compensation from the assets now in the possession or control of, or which may be received by the AB&C Receivership Entities; said amount or amounts of compensation shall be commensurate with the duties performed, subject to approval of the Court.

17. During the period of this Receivership, all persons, including creditors, banks, investors, or others, with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings that interfere with the discharge of the Receivers obligations.

18. Title to all property, contracts, rights of action, and books and records of the AB&C Receivership Entities, and their respective principals, wherever located, is vested by operation of law in the Receiver.

19. Upon request by the Receiver, any company providing telephonic services to the AB&C Receivership Entities, shall provide a reference of calls from all numbers presently

assigned to the AB&C Receivership Entities, to any such number designated by the Receiver or perform any other changes necessary to the conduct of the receivership.

20. Any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the AB&C Receivership Entities shall maintain such service and transfer any such accounts to the Receiver unless otherwise instructed by the Receiver without the need to post a bond or security deposit.

21. The United States Postal Service is directed to provide any information requested by the Receiver regarding any Defendant, and handle future deliveries of Defendants' mail as directed by the Receiver. All personal mail or mail to or from the Defendants' attorney will be delivered to the Defendants' attorney by the Receiver.

22. No bank, savings and loan association, financial institution, or any other person or entity, shall exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receivers control without the permission of this Court.

23. No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver shall not be liable for any loss or damage incurred by the AB&C Receivership Entities, or the Receiver's officers, agents, employees, independent representatives or any other person, by reason of any act or omission by the Receiver in connection with the discharge of his duties and responsibilities hereunder.

24. Service of this Order shall be sufficient if made upon the AB&C Receivership Entities or their respective principals by facsimile or overnight courier.

25. In the event that the Receiver discovers that funds of persons who have invested in the AB&C Receivership Entities, have been transferred to other persons or entities, the

Receiver shall apply to this Court for an Order giving the Receiver possession of such funds and, if the Receiver deems it advisable, extending this receivership over any person or entity holding such investor funds.

26. The Receiver is ordered to periodically file a Report on his activities with the Court.

IT IS SO ORDERED.

*J. Michelle Childs*

_____
J. MICHELLE CHILDS
UNITED STATES DISTRICT JUDGE

Greenville, South Carolina

July 25, 2012