# EXHIBIT D



## AGREEMENT/CONTRACT: TO BUY AND SELL REAL ESTATE
## (GENERAL USE AND LOTS/ACREAGE)

1. **PARTIES:** This legally binding Agreement ("Contract") To Buy and Sell Real Estate is entered into as of the Effective Date between:

Buyer(s), _____William B. Drury, Jodi L. Drury_____ ("Buyer"), and

Seller(s), _____Beattie B Ashmore Reciever, Wilson -AB&C_____ ("Seller").

☐ BUYER ☐ SELLER IS A SOUTH CAROLINA REAL ESTATE LICENSEE

(A) "Party" - defined as either Buyer or Seller, "Parties" defined as both Buyer and Seller
(B) "Brokers" are licensed South Carolina brokers-in-charge, their associated real estate licensees, and their subagents.
(C) "Closing Attorney" - is the licensed South Carolina attorney selected by Buyer to coordinate the transaction and Closing.
(D) "Effective Date" - the final date upon which a Party to the negotiation places the final and required signatures and/or initials and date on this Contract and Delivers Notice to cause this Contract to be binding on all Parties.
(E) ~~"Business Day" - a 24-hour period starting at 10 AM (M/Tu/W/Th/Fr) and counted from 10 AM of the first Business Day following the Effective Date. Business Days shall not begin or end on a Saturday, Sunday, or Federal legal holiday.~~
(F) "Good Funds" - is the transfer of the required amount of United States Dollars (USD) within any required timeframe.
(G) "Time" - all time stated shall be South Carolina local time. **Time is of the essence with respect to all provisions of this Contract stipulating time, deadline, or performance periods**

2. **PURCHASE PRICE:** $ 570,000.00 _____ (USD)
Payable by ☐ a combination of financing and cash or ☒ cash. Payment shall be good funds.
The sale of Buyer's real property ☐ is ☒ is not required for Purchase and this contingency terms ☐ are ☒ are not attached.

3. **PROPERTY:** Seller will sell and Buyer will buy for the Purchase Price any and all lot or parcel of land, appurtenant interests, improvements, landscape, systems, and fixtures if any thereon and further described below ("Property"). ~~Seller agrees to maintain the Property and any personal property conveying in working order, including any landscaping, grounds and any agreed upon repairs or replacements, from the Effective Date through Closing subject to normal wear and tear.~~ Buyer is solely responsible for inquiring about lease issues prior to signing Contract. Leasing issues; (see Adjustments). Leased items on Property can include fuel tanks, alarm systems, satellite equipment, roll carts etc. and contain fuel, etc.

Address _____881 Old Plantation Road_____ Unit # _____

City _____Fountain Inn_____ State of South Carolina

Zip __29644__ County of _____Laurens_____

Lot _____ Block _____ Section/Phase _____ Subdivision _____

Other _____ TMS __2130000006 & 2140000039__

Parties agree that no personal property will transfer as part of this sale, except described below and/or ☐ in attachment(s):
Seller reserves the right to remove any personal property within 20 days of the Effective Date. Any items remaining after closing will be subsequently the Purchaser's.

4. **CONVEYANCE/CLOSING/POSSESSION:** "Closing" occurs when Seller conveys Property to Buyer and occurs no later than 5 PM on or before __January 15__, __2015__ ("Closing Date") with an automatic extension of 5 business days for an unsatisfied contingency through no fault of either party. Conveyance shall be fee simple made subject to all easements, reservations, rights of way, restrictive covenants of record (provided they do not make the title unmarketable or adversely affect the use/value of the Property in a material way) and to all government statutes, ordinances, rules, permits, and regulations. Seller agrees to convey marketable title with a properly recorded general warranty deed free of encumbrances and liens except as herein stated; and in ownership type and name(s): **William B. Drury and Jodi L. Drury** _____ or as stipulated by Buyer. The deed shall be delivered to the Closing Attorney's

[WD] BUYER [JD] BUYER [____] SELLER [BA] SELLER HAVE READ THIS PAGE

Form 330 PAGE 1 of 9

Carolina Land Company, 826-A S. Pleasantburg Dr Greenville, SC 29607
Phone: (864)232-6922    Fax:    Scott Cornelson    Drury
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 18026   www.zipLogix.com

designated place on or before the Closing Date no later than 10 AM. Seller agrees to pay all statutory deed recording fees. Parties agree the Brokers shall have access to the closing and relevant documents; and the Brokers shall be given copies of the settlement statement prior to Closing for review. Seller shall convey possession of a vacant and reasonably clean Property, ~~free of debris~~, along with all keys, ~~codes, any remote controls, available documents (ex. manuals, equipment warranties, service info, etc.) and similar ownership items~~ to Buyer at Closing.

5. **EARNEST MONEY:** $ 10,000.00 _____ (USD) Earnest Money is paid as follows:
$ _____ accompanies this offer and $ 10,000.00 _____ will be paid within __3__ Business Days after Effective Date and Earnest Money is in the form of [X] check [ ] cash [ ] other (wire, etc.) _____
to be a Credit to Buyer at Closing or disbursed only as Parties agree in writing or by court order or by Contract or as required for Closing by Closing Attorney. Buyer and seller authorize _____ Archie Black _____
as Escrow Agent to deposit and hold and disburse earnest money according to the terms of this Contract, the law, and any regulations. Broker does not guarantee payment of a check or checks accepted as earnest money. Parties direct escrow agent to communicate reasonable information confirming receipt and status of earnest money upon a Broker request.

THE PARTIES UNDERSTAND AND AGREE THAT: UNDER ALL CIRCUMSTANCES INCLUDING DEFAULT, ESCROW AGENT HOLDING THE EARNEST MONEY DEPOSIT WILL NOT DISBURSE IT TO EITHER PARTY UNTIL BOTH PARTIES HAVE EXECUTED AN AGREEMENT AUTHORIZING THE DISBURSEMENT OR UNTIL A COURT OF COMPETENT JURISDICTION HAS DIRECTED A DISBURSEMENT OR AS OTHERWISE AGREED UPON IN THIS CONTRACT OR FIVE YEARS AFTER CLOSING DATE, ESCROW AGENT MAY DISBURSE EARNEST MONEY TO SC TREASURER. EARNEST MONEY WILL NOT BE DISBURSED UNTIL DETERMINED TO BE GOOD FUNDS. IF LEGAL ACTIONS OCCUR, NONPREVAILING PARTY AGREES TO INDEMNIFY ESCROW AGENT'S FEES, COURT COSTS AND ATTORNEY FEES. IF INTERPLEADER OR MEDIATION IS TO BE UTILIZED, PARTIES AGREE THAT $1,000.00 _____ OF EARNEST MONEY SHALL BE RELEASED AND/OR PAID TO THE ESCROW AGENT PRIOR TO FILING INTERPLEADER OR MEDIATION AS COMPENSATION. ESCROW AGENT ACKNOWLEDGES DUTIES.

6. **TRANSACTION COSTS:** Buyer's transaction costs include all costs and closing costs resulting from selected financing, pre-paid recurring items, insurance (mortgage insurance, title insurance lender/owner, hazard) discount points, all costs to obtain information from or pertaining to any owners association (aka certificate of assessment), interest, non-recurring closing costs, title exam, FHA/VA allowable costs, fees and expenses of Buyer's attorney, contractually required real estate broker compensation, and the cost of any inspector, appraiser, or surveyor. Seller's transaction costs include deed preparation, deed recording costs, deed stamps/tax/recording costs calculated based on the value of the Property, all costs necessary to deliver marketable title and payoffs, satisfactions of mortgages/liens and recording, property taxes pro-rated at Closing, contractually required real estate broker compensation, and fees and expenses of Seller's attorney.

Buyer will pay Buyer's transaction costs and Seller pay Seller's transaction costs unless otherwise agreed:
_____
_____

Private/public transfer fees and any costs similar to transfer fees (ex. capital contributions, conservancy fees, estoppel fees, or otherwise named but similar fees paid to the owners association, etc.) are the [ ] Seller's or [X] Buyer's transaction costs.

[ ] ~~At Closing, Seller will pay Buyer's transaction costs not to exceed $ _____ OR _____ % of purchase price, whichever is higher, which includes non allowable costs first and then allowable costs (FHA/VA). Buyer is responsible for any Buyer's transaction costs exceeding this amount. If the amount exceeds the actual amount of these costs or amount allowed by Lender, then any excess funds will revert to Seller. Seller will also provide or pay for all of Seller's transaction costs.~~ If no Closing, Buyer is responsible for Buyer's transaction costs and Seller responsible for Seller's transaction costs.
BUYER (__) (__) DATE _____ , _____ TIME _____
SELLER (__) (__) DATE _____ , _____ TIME _____

7. **FINANCE:** Buyer's obligation under this Contract [ ] is [X] is not contingent upon obtaining financing of a [ ] 15 year or [ ] 30 year or [ ] other _____ purchase money loan at reasonable prevailing market terms with loan(s) equal in amounts of minimum _____ % and maximum _____ % of the Purchase Price or Appraised Value whichever is lower. ("Financing Contingency"). Financing Contingency expires at Closing ("Financing Period"). Buyer must make timely good faith efforts to apply for and obtain financing while refraining from contrary actions ("Financing Effort"). In a timely manner, Buyer shall inform Seller and Brokers of pertinent financing issues and authorize their Lender to disclose pertinent loan information to Seller and Brokers ("Financing Disclosure"). If a Lender declines or fails to approve financing, the Buyer shall notify the Seller and Brokers as soon as possible. Buyer shall apply for financing within _____ Business Days from the Effective Date and shall provide the Seller with reasonable written loan pre-approval documentation within _____ Business Days from the Effective Date. If the Seller and Brokers are notified of inability to obtain financing during the

[✓] BUYER [✓] BUYER [____] SELLER [✓] SELLER HAVE READ THIS PAGE

Form 330   PAGE 2 of 9

Financing Period, either Party may terminate this Contract by Notice and Earnest Money shall be returned to the Buyer.
Proposed Lender: _____ ☐ FHA ☐ VA ☐ Conventional ☐ Seller
☐ Other _____
An FHA VA Financing Addendum ☐ is ☐ is not attached. Additional financing terms ☐ are ☐ are not attached.

8. **INSPECTION/REINSPECTION RIGHTS:** Buyer and qualified/certified inspectors ("Inspectors") can reasonably perform any reasonable ultimately non-destructive examination and make reasonable record of the Property with reasonable Notice to Seller through Closing including investigations of off-site conditions and any issues related to the Property at Buyer Expense ("Inspections"). Buyer and persons they choose may make reasonable visual observations of Property.

**Sellers will make the Property accessible for Inspection and not unreasonably withhold access, unless otherwise agreed in writing by the Parties.** ~~Seller will keep all utilities operational through Closing unless otherwise agreed.~~

☐ Seller grants Buyer permission to connect utilities, pay for utilities, and hire professionals (electricians, plumbers, etc.) to safely connect and operate the utilities during the Inspections

☐ Other _____ ☐ see attached.

Buyer will hold harmless, indemnify, pay damages and attorneys fees to Seller and Brokers for all claims, injuries, and damages arising out of the exercise of these rights. ~~Seller will hold harmless, indemnify, pay damages and attorneys fees to Brokers for all claims, injuries, and damages arising out of the exercise of these rights.~~ Brokers recommend that Parties obtain all inspections as soon as possible. Brokers recommend that Parties and Inspectors use insurance to manage risk.

9. **APPRAISED VALUE:**

☐ This Contract is contingent upon the Property being valued according to the Lender's appraisal or other appraisal as agreed upon by the Parties ("Appraised Value") for the Purchase Price or higher. If the Parties are made aware that the Appraised Value is less than the Purchase Price and the Seller Delivers Notice to the Buyer within 5 Business Days or Closing (whichever earliest) of an amendment to reduce the Purchase Price to the Appraised Value, the Parties agree to proceed to Closing under terms of this Contract with the Purchase Price amended to be the Appraised Value. Otherwise, Buyer may proceed to Closing or terminate this Contract by Delivering Notice of Termination to the Seller whereupon the Earnest Money will be returned to Buyer.

☒ This Contract is **not** contingent upon the Property being valued at an Appraised Value according to the Lender's appraisal or other appraisal as agreed upon by the Parties for the Purchase Price or more.

10. **SURVEY, TITLE EXAMINATION, INSURANCE:** Brokers recommend Buyer have Property surveyed, title examined, and appropriate insurance (including owner's title) effective at Closing. Seller to cancel existing insurance and Buyer to obtain new insurance policies by Closing unless otherwise agreed upon in writing by Parties. Flood Insurance, if required by Lender or at Buyer's option, shall be assigned to Buyer with permission of carrier and premium prorated to Closing. Buyers are solely responsible to investigate pricing and requirements of insurance for the property prior to signing Contract.

11. **SURVIVAL:** If any provision herein contained which by its nature or effect is required to be observed, kept, or performed after Closing, it will survive the Closing and remain binding upon for the parties hereto until fully observed, kept or performed.

12. **DUE DILIGENCE:**

The DUE DILIGENCE PERIOD ends no later than ___30___ ~~Business~~ Days after the original Effective Date unless the Parties agree in writing to extend the DUE DILIGENCE PERIOD.

During the Due Diligence Period, Seller agrees Buyer may choose any of the following:

       (1) Conduct/obtain Inspections
       (2) ~~Deliver Repairs Request(s) Notice to Seller~~
       (3) Proceed under amended Contract
       (4) Proceed under As Is Contract
       (5) Terminate Contract by Delivering "Notice of Termination" and "Termination Fee" to Seller

[WD] BUYER [QL] BUYER [____] SELLER [BL] SELLER HAVE READ THIS PAGE

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026 www.zipLogix.com Drury

TERMINATION: During the Due Diligence Period, Buyer may unilaterally terminate this Contract by Delivering to the Seller both Notice of Termination and a Termination Fee of $ 1.00 _____ USD Good Funds. Termination Fee paid to Seller by payment or, by release to Seller an appropriate amount of Earnest Money or, by a combination of payment to Seller and an appropriate amount of Earnest Money (Escrow Agent shall timely disburse upon Buyer timely signing any required Earnest Money disbursement agreement for payment of the Termination Fee). If Seller receives the Delivered Notice of Termination and the full Delivered Termination Fee during the Due Diligence Period, any remaining Earnest Money shall be returned to the Buyer. Should Buyer not Deliver Notice of Termination and all of the Termination Fee to Seller prior to the end of the Due Diligence Period, Buyer agrees to purchase and Seller agrees to sell the Property in accordance with Contract.

SHOULD BUYER FAIL TO REACH A NEW/AMENDED CONTRACT OR TERMINATE THE CONTRACT: The Buyer agrees to buy and Seller agrees to sell the Property AS IS. Parties agree "As Is" means Buyer buys the Property for the Purchase Price while Seller maintains the Property from the Effective Date through Closing subject to normal wear without repair or replacement and sells the Property for the Purchase Price unless otherwise agreed upon in writing by the Parties in this Contract.

**13. FIRE OR CASUALTY OR INJURY:** In case the Property is damaged wholly or partially by fire or other casualty prior to Closing, Buyer will have the right for 6 Business Days after Notice of damage to Deliver Notice of Termination to the Seller. ~~If Buyer proceeds according to the Contract, Seller is to be responsible to (1) repair all damage, (2) remit to Buyer an amount for repairs, or (3) assign to Buyer the right to all proceeds of insurance and remit any deductible amount applicable to such casualty.~~ If Buyer or Inspections caused the damage, Buyer is responsible for indemnifying Seller for damages. Brokers and Parties should ensure that they are protected by appropriate risk management strategies such as insurance.

**14. BUILDING PERMIT:** This Contract ☐ is ☒ is not contingent upon Buyer's ability to acquire all required licenses and permits from the appropriate authorities to build on the Property. No later than _____ Business Days after the original Effective Date unless the Parties agree in writing to extend this Building Permit Period, Buyer may unilaterally terminate this Contract by Delivering to the Seller a Notice of Termination due to inability to acquire all required licenses and permits from the appropriate authorities to build on the Property. If Seller receives the Delivered Notice of Termination during the Building Permit Period, any remaining Earnest Money shall be returned to the Buyer. Should Buyer not Deliver Notice of Termination due to inability to acquire all required licenses and permits from the appropriate authorities to build on the Property to Seller during the Building Permit Period, Buyer agrees to purchase and Seller agrees to sell the Property in accordance with Contract.

**15. REZONING:** This Contract ☐ is ☒ is not contingent upon the Property being rezoned to _____ _____ by full approval (without any appeal during the appeal period) by the appropriate authorities. No later than _____ Business Days after the original Effective Date unless the Parties agree in writing to extend this Rezoning Period, Buyer may unilaterally terminate this Contract by Delivering to the Seller a Notice of Termination due to inability to acquire rezoning from the appropriate authorities to build on the Property. If Seller receives the Delivered Notice of Termination during the Rezoning Period, any remaining Earnest Money shall be returned to the Buyer. Should Buyer not Deliver Notice of Termination due to inability to acquire rezoning from the appropriate authorities during the Rezoning Period, Buyer agrees to purchase and Seller agrees to sell the Property in accordance with Contract. The ☐ Buyer or ☐ Seller shall be responsible for pursuing rezoning and paying all associated costs. All rezoning applications shall be submitted to the Seller for Seller's approval prior to filing. Seller shall not unreasonably or untimely withhold approval. All Parties agree to cooperate, sign the necessary documentation, and make efforts to support the rezoning application.

**16. WELL, SEPTIC, WATER LINE, SEWER AVAILABILITY:** This Contract ☐ is ☒ is not contingent upon Buyer's ability to obtain from the South Carolina Department of Health and Environmental Control or other appropriate authorities all required permits for a well and septic system suitable for the Buyer's intended structure in the event a well or septic system is needed on the Property. No later than _____ Business Days after the original Effective Date unless the Parties agree in writing to extend this Well and Septic Permit Period, Buyer may unilaterally terminate this Contract by Delivering to the Seller a Notice of Termination due to inability to acquire all required permits from the appropriate authorities to install a conventional well and conventional septic system on the Property. If Seller receives the Delivered Notice of Termination during the Well and Septic Period, any remaining Earnest Money shall be returned to the Buyer. Should Buyer not Deliver Notice of Termination due to inability to acquire all required permits from the appropriate authorities to install a well and septic system on the Property to Seller during the Well and Septic Period, Buyer agrees to purchase and Seller agrees to sell the Property in accordance with Contract. If the Property is connected or capable of being connected to a water and or sewer line maintained by a private or public utility for a customary tap fee not to exceed $ _____, the Buyer agrees to waive any applicable portion of the Well and Septic Contingency. Seller represents the Property is connected to water system: ☐ county ☐ city ☐ private ☐ corporate ☐ community ☐ well ☒ other No Representatio . Seller represents the Property is connected to water disposal system: ☐ septic ☐ sewer ☐ private ☐ corporate ☐ government ☒ other No Representati .

[✓] BUYER [✓] BUYER [____] SELLER [✓] SELLER HAVE READ THIS PAGE

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com        Drury

**17. CONDITION OF PROPERTY:** Seller shall not remove any timber, vegetation, dirt, minerals, or otherwise affect the condition of the property from the Effective Date through Closing. All timber, vegetation, dirt, minerals, or similar shall remain as part of the Property and be conveyed to the Buyer at Closing. The Seller shall not bring any trash, refuse, debris, dirt, fill, medical wastes, hazardous wastes, or other materials onto the Property. Seller shall Deliver Notice of any legal action or condemnation action to the Buyer as soon as possible. If Seller Delivers such Notice, Buyer may unilaterally terminate this Contract by Delivering to the Seller a Notice of Termination. If Seller receives this Delivered Notice of Termination at any time, remaining Earnest Money shall be returned to the Buyer. Should Buyer not Deliver this Notice of Termination, Buyer agrees to purchase and Seller agrees to sell the Property in accordance with Contract.

**18. SC RESIDENTIAL PROPERTY CONDITION DISCLOSURE STATEMENT ("CDS") [check one]:**

[ ] Buyer and Seller agree that Seller has delivered prior to this Contract, a CDS to Buyer, as required by SC Code of Laws Section 27-50-10 et seq. If after delivery, Seller discovers a CDS material inaccuracy or the CDS becomes materially inaccurate due to an occurrence or circumstance; the Seller shall promptly correct this inaccuracy by delivering a corrected CDS to the Buyer or making reasonable repairs prior to Closing. Buyer understands the CDS does not replace Inspections. Buyer understands and agrees the CDS contains only statements made by the Seller. Parties agree the Brokers are not responsible nor liable for any information in the CDS and the Brokers have met requirements of SC Code 27-50-70.

[X] Buyer and Seller agree that Seller will **NOT** complete nor provide a CDS to Buyer in accordance with SC Code of Law, as amended, Section 27-50-30, Paragraph (13).

**19. LEAD BASED PAINT/LEAD HAZARDS:** If Property was built or contains items created prior to 1978, it may contain lead based hazards and Parties agree to sign "Disclosure of Information of Lead Based Paint and/or Lead Hazards" forms and give copies to Brokers.

**20. MEGAN'S LAW:** Parties agree that Brokers are not responsible for obtaining or disclosing information in the SC Sex Offender Registry and no course of action may be brought against any Brokers for failure to obtain or disclose sex offender or criminal information. Buyer and Seller agree that they have sole responsibility to obtain their own sex offender, death, clandestine laboratory, and crime information from appropriate law enforcement officials or information sources.

**21. TRUST ACCOUNT INTEREST/CHARITABLE CONTRIBUTION:** According to the rules and regulations of the South Carolina Real Estate Commission and the Code of Laws of South Carolina, as amended, any interest earned on Buyer's earnest money deposit would belong to Buyer until the closing of the transaction referenced in this Contract. It is understood that Broker [ ] may [X] may not place deposited earnest monies into an interest bearing trust account. If Buyer's earnest money deposit is deposited into an interest bearing trust account, Broker will retain all interest earned in said account and may contribute some or all to a charitable enterprise.

**22. SC INCOME TAX ON NON-RESIDENT GAIN AND COMPLIANCE AND USA FEDERAL INCOME TAX:** Seller and Buyer will comply with the provisions of the SC Code 12-8-580 (as amended) regarding state income tax withholding requirements if the Seller is not a resident or has not filed SC state income tax returns. Seller and Buyer will comply with United States of America federal income tax laws. Seller and Buyer should discuss tax laws and minimization actions with their qualified tax advisor. Parties will comply with all local, state, federal laws, and any rules.

**23. ROLLBACK TAXES (IF ANY):** The Parties agree that the [ ] Seller or [X] Buyer shall pay any rollback taxes when rollback taxes are determined and billed.

**24. SPECIAL STUDIES AREA, WETLANDS, AND ENVIRONMENTAL MATTERS:** All reports and certifications required by the Lender, Buyer, or any government concerning any special study area, wetlands, or environmental issues shall be ordered by _____Buyer_____ and paid for by _____Buyer_____.

All of these reports or certifications shall be completed no later than __30__ ~~Business~~ Days after the original Effective Date, unless the Parties agree in writing or extend this period ("Environmental Period"). In the event repairs are necessary to address environmental concerns (Repair Requests); the Seller shall be Delivered Notice in writing of the specific defects or deficiencies no later than 2 Business Days after the Environmental Period. If the Buyer fails to notify the Seller within this timeframe, Buyer shall have waived any and all rights under terms of this section. If Lender's commitment requires any additional inspections or certifications, these are to be provided by the Buyer.

[initials] BUYER [initials] BUYER [____] SELLER [initials] SELLER HAVE READ THIS PAGE

Upon Delivered Notice of the Repair Requests, Seller has five Business Days to address the Buyer's Repair Requests. ~~The costs of all repairs to address environmental concerns to be paid by Seller.~~ If the Seller fails to agree to make these repairs within this timeframe, the Buyer shall have 2 Business Days to choose any of the following options (1) accept the Property in its present condition, ~~(2) negotiate with the Seller for the payment of these repairs or~~ (3) terminate this Contract and receive their Earnest Money. The repairs to any other items are the sole responsibility of the Buyer. The obligations of the Seller for repairs terminate upon Closing. If the Seller agrees to make the repairs, the Parties agree to proceed under Contract.

25. **ENTIRE AND BINDING AGREEMENT (MERGER CLAUSE):** Parties agree that this Contract expresses the entire agreement between the parties, that there is no other agreement, oral/otherwise, modifying the terms and this Contract is binding on Parties and principals, heirs, personal representatives, successors, and assigns. Illegal provisions are severable.

26. **ADJUSTMENTS:** Buyer and Seller agree to settle or prorate, annually or as appropriate; as of Closing Date: (A) utilities and waste fees issued after Closing which include service for time Property was owned/occupied by Seller (B) real estate taxes and owner association fees/assessments for the calendar year of Closing (C) any rents, deposits, fees associated with leasing (D) insurance, EMS service, fuel/consumables, and assessments. Closing Attorney shall make tax proration based on the available tax information deemed reliable by the Closing Attorney. Should the tax or tax estimate or proration later become inaccurate or change, Buyer and Seller shall make any financial adjustments between themselves once accurate tax information is available. This section survives Closing. Buyer is solely responsible for minimizing the Buyer's taxes and obtaining tax minimization procedural information including related legal counsel and financial counsel.

27. **DEFAULT:**
(A) ~~If Seller defaults in the performance of any of the Seller's obligations under this Contract ("Default"), Buyer may:~~
   (i) ~~Deliver Notice of Default to Seller and terminate Contract and~~
   (ii) ~~Pursue any remedies available to Buyer at law or equity and~~
   (iii) ~~Recover attorneys' fees and all other direct costs of litigation if Buyer prevails in any action against Seller.~~
(B) ~~If Buyer defaults in the performance of any of the Buyer's obligations under this Contract ("Default"), Seller may:~~
   (i) ~~Deliver Notice of Default to Buyer and terminate Contract and~~
   (ii) ~~Pursue any remedies available to Seller at law or equity and~~
   (iii) ~~Recover attorneys' fees and all other direct costs of litigation if Seller prevails in any action against Buyer.~~
(C) If either/both Parties default, Parties agree to sign an escrow deposit disbursement agreement or release agreement.
(D) Parties may agree in writing to allow a Cure Period for a default. If within the Cure Period, either Party cures the Default and Delivers Notice, Parties shall proceed under the Contract.

28. **MEDIATION CLAUSE:** Mediation is an alternative dispute resolution system and may help avoid potentially expensive and lengthy litigation. The mediation participants voluntarily decide their settlement with the mediator facilitating their decisions and documentation of the settlement. Mediation is not binding arbitration. The mediator does not decide the outcome. The mediation participants make their own decisions include reaching or not reaching a settlement. Any dispute, claim, breach, or services issues relating to this Contract shall be submitted to mediation in accordance with the Procedures of the Dispute Resolution System of the NATIONAL ASSOCIATION OF REALTORS® (info@SCREALTORS.org 1-800-233-6381). Disputes include representations made by any Party, Broker, person or entity in connection with the sale, purchase, financing, condition or any other aspect of the Property, including without limitation allegations of concealment, misrepresentation, negligence or fraud. Any agreement signed by the Parties pursuant to mediation is binding. This mediation clause shall survive the Closing Date. The following matters are excluded from mediation herein: (a) judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or land contract; (b) an unlawful detainer action; (c) the filing or enforcement of a mechanic's lien; (d) any matter which is within the jurisdiction of a probate court; (e) the filing of a interpleader action to resolve earnest money disputes. The filing of a judicial action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the right to mediate under this provision, nor shall it constitute a breach of the duty to mediate.

29. **NON-RELIANCE CLAUSE (NOT A MERGER CLAUSE NOR EXTENSION OF A MERGER CLAUSE):** Parties execute this Contract freely and voluntarily without reliance upon any statements, representations, inducements, promises, or agreements by Brokers or Parties except as expressly stipulated or set forth in this Contract. If not contained herein, such statements, representations, inducements, promises, or agreements shall be of no force or effect. Parties acknowledge that Brokers are being retained solely as licensed real estate agents and not as any attorney, tax/financial advisor, appraiser, surveyor, engineer, mold or air quality expert, home inspector, or other professional service provider.

30. **BROKER DISCLAIMER:** Parties acknowledge that Brokers give no warranties or representations of any kind, expressed or implied as to: (1) condition of the Property, including but not limited to termites, radon, mold, asbestos, moisture, environmental issues, water, waste, air quality, HVAC, utilities, plumbing, electrical or structure, etc. (2) condition of the Property, survey or legal matters, square footage (3) off site conditions (4) schools (5) title including but not limited to

[✓] BUYER [✓] BUYER [____] SELLER [✓] SELLER HAVE READ THIS PAGE

Form 330 PAGE 6 of 9

easements, encroachments, projections, encumbrances, restrictions, covenants, setbacks, and the like (6) fitness for a particular purpose of the Property or the improvements (7) zoning ordinances and restrictions (7) projected income, value, marketability, taxes, insurance, or other possible benefits to Buyer. Parties consent that their Brokers may communicate with them via any means; and use or disclose information not made confidential by written instruction of Parties.

**31. BROKERS COMPENSATION:** Parties direct Closing Attorney to use settlement funds to collect and disburse Brokers Compensation to Brokers in accordance with agreements and document compensation on the settlement statement. If a Party disputes Brokers Compensation, that Party agrees to retain a SC law firm to escrow only the disputed amount of Brokerage Compensation until the dispute is resolved by a written agreement signed by that Party and the Affected Broker, arbitration award, or court order. Party requesting the escrow shall pay all costs for escrow. If the dispute is not resolved within 180 days of Closing, the escrow shall be disbursed to the Broker. Parties agree that Brokers are third party beneficiaries to this Contract and have standing to seek remedies at law and equity. Parties represent that their only enforceable agency agreements are with the Brokers disclosed in this Contract. Parties consent to Brokers possibly receiving compensation from the HWC and/or others if compensation is paid by in accordance with laws and REALTOR® ethics. NOTICE: THIS IS TO GIVE YOU NOTICE THAT BROKERS HAVE/WILL/MAY RECEIVE COMPENSATION FROM HWC/OTHERS FOR REFERRAL/PROCESSING. YOU ARE NOT REQUIRED TO PURCHASE A HWC OR SIMILAR RESIDENTIAL SERVICE CONTRACT AND IF YOU CHOOSE TO PURCHASE SUCH COVERAGE YOU ARE FREE TO PURCHASE IT FROM ANOTHER PROVIDER.

**32. BROKER LIABILITY LIMITATION:** *Parties agree Brokers provided Parties with benefits, services, assistance, and value in bringing about this Contract. In consideration and recognition of the risks, rewards, compensation and benefits arising from this transaction to Brokers, Parties each agree that they shall pay Brokers' attorneys fees and that Brokers, shall not be liable to either Party or both, either jointly, severally or individually, in an amount exceeding that Broker's Compensation by reason of any act or omission, including negligence, misrepresentation, errors and omissions, or breach of undertaking, except for intentional or willful acts. This limitation shall apply regardless of the cause of action or legal theory asserted against either Broker, unless the claim is for an intentional or willful act. This limitation of liability shall apply to all claims, losses, costs, damages or claimed expenses of any nature from any cause(s), except intentional or willful acts, so that the total liability of either Broker shall not exceed the amount set forth herein. Parties will indemnify and hold harmless and pay attorneys fees for Brokers from breach of contract, any negligent or intentional acts or omissions by any Parties, Inspectors, Professionals, Service Providers, Contractors, etc. including any introduced or recommended by Brokers. Parties each agree that there is valid and sufficient consideration for this limitation of liability and that Brokers are the intended third-party beneficiaries of this provision.*

**33. ATTACHMENTS, OTHER CONTINGENCIES, TERMS, AND/OR STIPULATIONS:** There may be attachments to this Contract. The most recent changes, amendments, attachments, contingencies, stipulations, addendum, additions, exhibits, or writings, agreed to by the Parties; is evidence of the Parties' intent and agreement and shall control any Contract language conflicts. (Land issues may include: restrictions and easements that may affect desired use, drainage issues, hazardous wastes, environmental issues, water rights, availability of water, sewer or septic waste water issues, soil tests, wetlands surveys and studies, subordination, lot releases, and other issues.) If any documents are attached as addenda, amendments, attachments, or exhibits considered part of this Agreement, they are further identified or described here: Addendums are attached to this contract.

_____
_____

**34. NOTICE AND DELIVERY:** Notice is any unilateral communication (offers, counteroffers, acceptance, termination, unilateral requests for better terms, and associated addenda/amendments) from one Party to the other. Notice to/from a Broker representing a Party is deemed Notice to/from the Party. All Notice, consents, approvals, counterparts, and similar actions required under Contract must be in paper or electronic writing and will be effective as of delivery to the Notice address/email/fax written below and awareness of receipt by Broker ("Delivered") unless Parties agree otherwise in writing.

**35. PARTIES ARE SOLELY RESPONSIBLE FOR OBTAINING LEGAL ADVICE PRIOR TO SIGNING THIS CONTRACT AND DURING THE TRANSACTION. REAL ESTATE LICENSEES RECOMMEND OBTAINING LEGAL COUNSEL.**

Parties acknowledge receiving, reading, reviewing, and understanding: this Contract, the Agency Disclosure, any agency agreements, and copies of these documents. Parties acknowledge having time and opportunity to review all documents and receive legal counsel from their attorneys prior to signing Contract.

[✓] BUYER [✓] BUYER [____] SELLER [✓] SELLER HAVE READ THIS PAGE

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com   Drury

36. **EXPIRATION OF OFFER:** When signed by a Party and intended as an offer or counter offer, this document represents an offer to the other Party that may be rescinded any time prior to or expires at _____5:00_____ ☐ AM ☒ PM on ___October 29___, _2014_ unless accepted or counter-offered by the other Party in written form Delivered prior to such deadline.

IN WITNESS WHEREOF, this Contract has been duly executed by the Parties.
If signee is not a Party, appropriate legal documents (Power of Attorney, Corporate Authorization, etc.) are ☐ attached or ☐ to be Delivered within _____ Business Days.

Parties shall initial and date all changes in this Contract and initial all pages.

BUYER: _[signature]_ Date: _10/28/14_ Time: _7:51 PM_
William B. Drury

WITNESS: _Linda M. Zylstra_ Date: _10-28-14_ Time: _7:51 PM_

BUYER: _[signature]_ Date: _10-28-14_ Time: _7:51 PM_
Jodi L. Drury

WITNESS: _Linda M. Zylstra_ Date: _10-28-14_ Time: _7:51 PM_

SELLER: _Beattie B Ashmore Reciever_ Date: _10/29/14_ Time: _4:50 PM_
Beattie B Ashmore Reciever

WITNESS: _____ Date: _____ Time: _____

SELLER: _____ Date: _____ Time: _____
Wilson -AB&C

WITNESS: _____ Date: _____ Time: _____

REALTOR® is the registered collective membership mark which may be used only by those real estate licensees who are members of the NATIONAL ASSOCIATION OF REALTORS® and who subscribe to its strict professional Code of Ethics. The South Carolina Association of REALTORS® (SCR) owns copyright to the content of this form and expressly prohibits the display, distribution, duplication, transmission, alteration, or reproduction of any part of SCR copyright content as well as the use of the name "South Carolina Association of REALTORS®" in connection with any written or electronic format without the prior written consent of SCR.

© 2013 South Carolina Association of REALTORS®. 8/2013

[WBD] BUYER [JD] BUYER [___] SELLER [BA] SELLER HAVE READ THIS PAGE

ESCROW AGENT ACKNOWLEDGEMENT SIGNATURE: _____

ESCROW AGENT NAME: _____ Archie Black _____

ESCROW AGENT'S LAW FIRM/COMPANY/BROKERAGE: _____ Black & Black, LLC _____

ESCROW AGENT CONTACT INFO: 9 Washington Park                    Greenville        SC

29604          (864)242-3992


INVOLVED AS: ☐ BUYER AGENT  ☐ SELLER SUBAGENT  ☐ DUAL AGENT  ☐ BUYER DESIGNATED AGENT*

LICENSEE: _____ SC LICENSE # _____ EXPIRES _____

BROKER IN CHARGE: _____ SC LICENSE # _____ EXPIRES _____

BROKERAGE COMPANY NAME: _____

MEMBERS OF: _____ ASSOCIATION/BOARD OF REALTORS®

NOTICE ADDRESS: _____

NOTICE EMAIL/FAX: _____

MOBILE PHONE: _____ OFFICE PHONE: _____ OTHER: _____


INVOLVED AS: ☒ SELLER AGENT  ☐ SELLER SUBAGENT  ☐ DUAL AGENT  ☐ SELLER DESIGNATED AGENT*

LICENSEE: _____ Scott M Cornelson _____ SC LICENSE # __6953__ EXPIRES 06/30/2015

BROKER IN CHARGE: __James P McNamara, Jr.__ SC LICENSE # __19740__ EXPIRES 06/30/2016

BROKERAGE COMPANY NAME: _____ Carolina Land Company, LLC _____

MEMBERS OF: _____ Western Upstate _____ ASSOCIATION/BOARD OF REALTORS®

NOTICE ADDRESS: _____ PO Box 787 Greenville, SC 29602 _____

NOTICE EMAIL/FAX: _____ scott@carolinalandcompany.com    864-271-0370 _____

MOBILE PHONE: __(864)918-6906__ OFFICE PHONE: __(864)232-6922__ OTHER: _____

*DESIGNATED AGENCY - THE BROKER-IN-CHARGE AND OTHER ASSOCIATED LICENSEES ARE DUAL AGENTS.

[✓SD] BUYER [✓] BUYER [____] SELLER [✓] SELLER HAVE READ THIS PAGE

Form 330   PAGE 9 of 9
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com
Drury



## ADDENDUM/AMENDMENT TO

[X] AGREEMENT/CONTRACT TO BUY AND SELL REAL ESTATE [ [ ] OFFER OR [ ] COUNTEROFFER ] OR
[ ] RESIDENTIAL RENTAL AGREEMENT OR [ ] OTHER: _____
COVERING THE [ ] REAL PROPERTY [ ] PREMISES [ ] BUSINESS [ ] OTHER: _____

Further described or commonly known as:

Address: 881 Old Plantation Road  Unit # _____
City: Fountain Inn  State of South Carolina
Other: _____  TMS 2130000006 & 2140000039

The undersigned Parties hereby agree as follows: All improvements on site, including the partially finished house, barn, sheds, greenhouse, etc. are sold strictly in "AS-IS" condition and Owner makes no representation or warranties, expressed or implied, as to the usability of such improvements. Owner also makes no representation or warranties, expressed or implied, as to the existence or usability, if any, to any well, septic, electrical or other utility service on the property. Section 13 of the contract shall include damage to any window, doors, buildings between the Effective Date and Closing.

**EXPIRATION OF OFFER:** When signed by a Party and intended as an offer or counter-offer, this document represents an offer to the other Party that may be rescinded any time prior to or expires at 5:00 [ ] AM [X] PM on October 29 2014 unless accepted or counter-offered by the other Party in written form Delivered prior to such deadline.

Parties are solely responsible for obtaining legal advice prior to entering into this Contract and counsel as required.

IN WITNESS WHEREOF, this Agreement has been duly executed by the Parties.

BUYER: _____ (William B. Drury)  Date: 10/28/14  Time: 7:51 PM
WITNESS: Linda M. Zylstra  Date: 10-28-14  Time: 7:51 PM
BUYER: _____ (Jodi V. Drury)  Date: 10-28-14  Time: 7:51 PM
WITNESS: Linda M. Zylstra  Date: 10-28-14  Time: 7:51 PM
SELLER: _____ Receiver (Beattie B Ashmore Reciever)  Date: 10/29/14  Time: 4:50 PM
WITNESS: _____  Date: _____  Time: _____
SELLER: _____ (Wilson -AB&C)  Date: _____  Time: _____
WITNESS: _____  Date: _____  Time: _____

REALTOR® is the registered collective membership mark which may be used only by those real estate licensees who are members of the NATIONAL ASSOCIATION OF REALTORS® and who subscribe to its strict professional Code of Ethics. The South Carolina Association of REALTORS® (SCR) owns copyright to the content of this form and expressly prohibits the display, distribution, duplication, transmission, alteration, or reproduction of any part of SCR copyright content as well as the use of the name "South Carolina Association of REALTORS®" in connection with any written or electronic format without the prior written consent of SCR.

© 2013 South Carolina Association of REALTORS®. 8/2013

[_WBD_] BUYER [_JD_] BUYER [____] SELLER [_BA_] SELLER HAVE READ THIS PAGE

FORM 390  PAGE 1 of 1

Carolina Land Company, 820 N S Pleasantburg Dr Greenville SC 29607  Phone: (864)232-9922  Fax:
Scott Cornelson  Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com



## ADDENDUM/AMENDMENT TO

[X] AGREEMENT/CONTRACT TO BUY AND SELL REAL ESTATE [ ☐ OFFER OR ☐ COUNTEROFFER ] OR
☐ RESIDENTIAL RENTAL AGREEMENT OR ☐ OTHER: _____
COVERING THE ☐ REAL PROPERTY ☐ PREMISES ☐ BUSINESS ☐ OTHER: _____

Further described or commonly known as:

Address: 881 Old Plantation Road  Unit # _____
City: Fountain Inn  State of South Carolina
Other: _____  TMS 2130000006 & 2140000039

The undersigned Parties hereby agree as follows: Notwithstanding anything herein, closing shall occur no later than 5:00 PM on or before the later of (i) 30 days after the Seller receives the Court Order approving the sale or (ii) January 15, 2015. Within two (2) days after the Seller receives the Court Order approving the sale, Buyer shall pay to Escrow Agent additional non-refundable Earnest Money in the amount of $10,000, provided Buyer has not terminated the Contract Pursuant to Section 12 herein.

**EXPIRATION OF OFFER:** When signed by a Party and intended as an offer or counter-offer, this document represents an offer to the other Party that may be rescinded any time prior to or expires at 5:00 ☐ AM [X] PM on October 29 2014 unless accepted or counter-offered by the other Party in written form Delivered prior to such deadline.

Parties are solely responsible for obtaining legal advice prior to entering into this Contract and counsel as required.

IN WITNESS WHEREOF, this Agreement has been duly executed by the Parties.

BUYER: _William B. Drury_  Date: 10/28/14  Time: 7:51 PM
WITNESS: _Linda M. Zylstra_  Date: 10-28-14  Time: 7:51 PM
BUYER: _Jodi L. Drury_  Date: 10-28-14  Time: 7:51 PM
WITNESS: _Linda M. Zylstra_  Date: 10-28-14  Time: 7:51 PM
SELLER: _Beattie B Ashmore Receiver_  Date: 10/29/14  Time: 4:50 PM
WITNESS: _____  Date: _____  Time: _____
SELLER: _Wilson -AB&C_  Date: _____  Time: _____
WITNESS: _____  Date: _____  Time: _____

REALTOR® is the registered collective membership mark which may be used only by those real estate licensees who are members of the NATIONAL ASSOCIATION OF REALTORS® and who subscribe to its strict professional Code of Ethics. The South Carolina Association of REALTORS® (SCR) owns copyright to the content of this form and expressly prohibits the display, distribution, duplication, transmission, alteration, or reproduction of any part of SCR copyright content as well as the use of the name "South Carolina Association of REALTORS®" in connection with any written or electronic format without the prior written consent of SCR.

© 2013 South Carolina Association of REALTORS®. 8/2013

[WBD] BUYER  [JD] BUYER  [____] SELLER  [BA] SELLER HAVE READ THIS PAGE

FORM 390  PAGE 1 of 1

Carolina Land Company 126-A S Pleasantburg Dr Greenville, SC 29607  Phone: (864)232-0922  Fax:  Drury
Scott Cornelson
Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com

ADDENDUM/AMENDMENT TO AGREEMENT/CONTRACT TO BUY AND SELL REAL ESTATE

Further described or commonly known as:

Address: 881 Old Plantation Road

City: Fountain Inn, State of South Carolina

TMS: 2130000006 & 2140000039

The undersigned Parties hereby agree as follows:

Buyer's Default. In the event of a default by Buyer under the terms of this Contract, Seller's remedies hereunder shall be to either (i) seek specific performance of Buyer's obligations under this Contract, or (ii) receive the Earnest Money from Escrow Agent, and Seller shall be entitled to retain the Earnest Money as full liquidated damages for such default of Buyer, whereupon this Contract shall terminate and the parties shall have no further rights or obligations hereunder, except for those which expressly survive any such termination. Notwithstanding anything to the contrary contained herein, this provision shall in no way affect or impair Seller's right of recovery for any damage to the Property caused by Buyer's physical inspections thereof or under any Indemnity given by Buyer in favor of Seller under this Contract.

Seller's Default. In the event of a default ("Default") by Seller under the terms and conditions of this Contract, Buyer's sole and exclusive remedies hereunder shall be to either (i) terminate this Contract, receive a refund of the Earnest Money from Escrow Agent, and recover, from Seller, Buyer's due diligence expenses actually incurred in connection with this Contract and documented to Seller's reasonable satisfaction; provided, however, that Buyer's recoverable due diligence expenses from Seller shall not exceed $5,000.00, or (ii) seek specific performance of Seller's obligations under this Contract, without any reduction in the Purchase Price. Except as set forth above, Buyer shall have no right to seek or recover damages of any nature whatsoever from Seller in the event of a default by Seller under the terms of this Contract.

EXPIRATION OF OFFER: When signed by a Party and intended as an offer or counter-offer, this document represents an offer to the other Party that may be rescinded any time prior to or expires at 5:00 PM on October 29, 2014 unless accepted or counter-offered by the other Party in written form Delivered prior to such deadline.

**Parties are solely responsible for obtaining legal advice prior to entering into the Contract and counsel as required.**

IN WITNESS WHEREOF, this agreement has been duly executed by the Parties.

BUYER: _____ DATE: 10/28/14 TIME: 7:52 pm
William B. Drury

WITNESS: Linda M. Zylstra DATE: 10-28-14 TIME: 7:52 PM

BUYER: _Joel L. Drury_ DATE: 10-28-14  TIME: 7:51 PM

WITNESS: _Linda M. Zylstra_ DATE: 10-28-14  TIME: 7:52 PM

SELLER: _Beattie B. Ashmore, Receiver_ DATE: 10/29/14  TIME: 4:50 PM
Beattie B. Ashmore, Receiver Wilson – AB&C

WITNESS: _____  DATE: _____  TIME: _____

## ADDENDUM TO CONTRACT FOR SALE

THIS ADDENDUM TO CONTRACT FOR SALE (the "Addendum") is made and entered into as of the _28th of October_, 2014, by and among Beattie B. Ashmore, Receiver Wilson-AB&C ("Seller") and _Jodi L. Drury and William B. Drury_ (collectively "Purchaser").

### Recitals:

This Addendum is attached to and made a part of that certain Contract for Sale ("Contract") between Seller and Purchaser dated _28th of October_, 2014. In the event of conflict between the terms of this Addendum and the Contract, this Addendum shall control.

1. Section 4 of the Contract is hereby amended by deleting the word "general" in the sixth line and replacing it with the word "limited". Purchaser understands and acknowledges that Seller shall convey title to the Property by limited warranty deed.

2. The following Paragraph is added to the Contract:

37. CONTINGENCY: Purchaser understands and acknowledges that Beattie B. Ashmore is the duly authorized and appointed receiver (the "Receiver") for the Property pursuant to an Order of the Honorable J. Michelle Childs dated February 14, 2013, in that certain action filed in the United States District Court for the District of South Carolina (the "Court") captioned In Re: Receiver for Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc., Case No. 8:12-cv-7028-JMC. Seller's obligation to convey the Property hereunder is expressly conditioned upon the Receiver's receipt of the Court's Order approving the sale of the Property pursuant to this Contract. In the event that such approval is not granted, this Contract shall become null and void, the earnest money shall be refunded to Purchaser, and neither party shall have any other or further obligation to the other hereunder except for such matters that expressly survive the termination of this Contract, if any.

IN WITNESS WHEREOF, the parties have executed this Addendum as of the date set forth above.

SELLER:

_____
Beattie B. Ashmore, Receiver

PURCHASER:

_____
William B. Drury

_____
Jodi L. Drury

# FIRST AMENDMENT TO AGREEMENT/CONTRACT TO BUY AND SELL REAL ESTATE

THIS FIRST AMENDMENT TO AGREEMENT/CONTRACT TO BUY AND SELL REAL ESTATE ("Amendment") is made and entered into as of the 26th day of November, 2014, by and among **Beattie B. Ashmore, Receiver Wilson - AB&C** ("Seller") and **William B. Drury and Jodi L. Drury** (collectively "Buyer").

**Recitals:**

This Amendment is attached to and made a part of that certain Agreement/Contract to Buy and Sell Real Estate ("Contract") between Seller and Buyer dated October 29, 2014. The parties desire to amend the Contract as provided in this Amendment.

Now, therefore, in consideration of the recitals, the mutual promises in this Amendment and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. Notwithstanding anything to the contrary in the Contract, Buyer shall have until December 3, 2014, in which to complete its examination of title to the Property and give written notice to Seller of any matters set forth in the title documents or the title insurance commitment to which Purchaser objects.

2. This Amendment may be executed in counterparts by the parties. It is not necessary that the signatures of the parties appear on the same counterpart or counterparts. All counterparts shall collectively constitute a single agreement. Executed counterparts of this Amendment may be delivered by electronic mail or facsimile transmission.

3. Except as expressly provided in this Amendment, the Contract shall remain unchanged.

IN WITNESS WHEREOF, the parties have executed this Addendum as of the date set forth above.

SELLER:

_____
Beattie B. Ashmore, Receiver Wilson - AB&C

BUYER:

_____
William B. Drury

_____
Jodi L. Drury

## SECOND AMENDMENT TO AGREEMENT/CONTRACT TO BUY AND SELL REAL ESTATE

THIS SECOND AMENDMENT TO AGREEMENT/CONTRACT TO BUY AND SELL REAL ESTATE ("Second Amendment") is made and entered into as of the 3rd day of December, 2014, by and among **Beattie B. Ashmore, Receiver Wilson - AB&C** ("Seller") and **William B. Drury and Jodi L. Drury** (collectively "Buyer").

### Recitals:

This Second Amendment is attached to and made a part of that certain Agreement/Contract to Buy and Sell Real Estate between Seller and Buyer dated October 29, 2014, thereafter amended by First Amendment to Agreement/Contract to Buy and Sell Real Estate between Seller and Buyer dated November 26, 2014 (collectively the "Contract"). The parties desire to amend the Contract as provided in this Second Amendment.

**Now, therefore**, in consideration of the recitals, the mutual promises in this Second Amendment and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. Notwithstanding anything to the contrary in the Contract, Buyer shall have until December 10, 2014, in which to complete its examination of title to the Property and give written notice to Seller of any matters set forth in the title documents or the title insurance commitment to which Purchaser objects.

2. This Second Amendment may be executed in counterparts by the parties. It is not necessary that the signatures of the parties appear on the same counterpart or counterparts. All counterparts shall collectively constitute a single agreement. Executed counterparts of this Second Amendment may be delivered by electronic mail or facsimile transmission.

3. Except as expressly provided in this Second Amendment, the Contract shall remain unchanged.

IN WITNESS WHEREOF, the parties have executed this Second Amendment as of the date set forth above.

SELLER:

_/s/ Beattie Ashmore_
Beattie B. Ashmore, Receiver Wilson - AB&C

BUYER:

_____
**William B. Drury**

_____
**Jodi L. Drury**

ESTATE ("Second Amendment") is made and entered into as of the 3rd day of December, 2014, by and among **Beattie B. Ashmore, Receiver Wilson - AB&C** ("Seller") and **William B. Drury and Jodi L. Drury** (collectively "Buyer").

**Recitals:**

This Second Amendment is attached to and made a part of that certain Agreement/Contract to Buy and Sell Real Estate between Seller and Buyer dated October 29, 2014, thereafter amended by First Amendment to Agreement/Contract to Buy and Sell Real Estate between Seller and Buyer dated November 26, 2014 (collectively the "Contract"). The parties desire to amend the Contract as provided in this Second Amendment.

**Now, therefore,** in consideration of the recitals, the mutual promises in this Second Amendment and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1. Notwithstanding anything to the contrary in the Contract, Buyer shall have until December 10, 2014, in which to complete its examination of title to the Property and give written notice to Seller of any matters set forth in the title documents or the title insurance commitment to which Purchaser objects.

2. This Second Amendment may be executed in counterparts by the parties. It is not necessary that the signatures of the parties appear on the same counterpart or counterparts. All counterparts shall collectively constitute a single agreement. Executed counterparts of this Second Amendment may be delivered by electronic mail or facsimile transmission.

3. Except as expressly provided in this Second Amendment, the Contract shall remain unchanged.

IN WITNESS WHEREOF, the parties have executed this Second Amendment as of the date set forth above.

SELLER:

_____
Beattie B. Ashmore, Receiver Wilson - AB&C

BUYER:

_____
William B. Drury

_____
Jodi L. Drury