# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| In re: Receiver for ) | Civil Action No.: 8:12-cv-02078-JMC |
| Ronnie Gene Wilson and ) | |
| Atlantic Bullion & Coin, Inc. ) | **ORDER AND OPINION** |
| _____ ) | |

The court-appointed Receiver in this matter, Beattie B. Ashmore (the "Receiver"), has been empowered by the court to institute legal proceedings against entities that the Receiver claims are wrongfully in possession of assets as a result of the Ponzi scheme operated by Defendants Ronnie Gene Wilson and Atlantic Bullion & Coin, Inc. (*See* ECF No. 43 ¶ 2.) In a separate action, the Receiver, pursuant to the powers conferred on him, asserted claims for unjust enrichment and fraudulent conveyance against Brigitte Owens, *see Ashmore v. Owens*, No. 8:15-cv-03633-JMC, ECF No. 1 (D.S.C.), who has been named as an interested party in the instant matter. By a May 4, 2017 protective order, the court limited Owens' use of two documents, which had been submitted to the court by the Receiver and had been erroneously sealed and which she had obtained pursuant to a previous court order. (*See* ECF No. 222.) Before the court is Owens' motion to vacate the protective order (ECF No. 223), which for the reasons below the court **DENIES**.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

During the course of these proceedings, the Receiver submitted two documents to the court that were reports "updat[ing] the court on [the Receiver's] activities in accordance with the court's Order of Appointment." (ECF No. 219 (citing ECF No. 1 ¶ 9, 26 ("The Receiver is ordered to periodically file a Report on his activities with the Court.")).) The documents were entered on the docket in this matter (formerly at ECF Nos. 90 and 129) and were filed under seal by the Receiver. (*See id.*)

On March 9, 2017, Owens filed a motion to unseal the two documents, arguing that they

1

had not been sealed in accordance with this court's Local Rules (*see* ECF No. 211 at 1-2 (citing Local Civ. R. 5.03 D.S.C.)) or with procedures required by controlling precedent (*see id.* at 2 (citing *In re Wash. Post*, 807 F.2d 383, 390 (4th Cir. 1986))) and that she was entitled to access the documents pursuant to her First Amendment rights (*see id.* at 1). On May 1, 2017, the court entered a text order granting in part and denying in part Owens' motion to unseal (the "disclosure order"). (ECF No. 219). The court "agree[d] with Owens that [the documents] were not sealed in accordance with the requirements for sealing specified in the Local Rules or by [controlling precedent]." (*Id.* (citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253-54 (4th Cir. 1988)).) Based on this conclusion, the court ordered the Clerk's Office to provide copies of the two documents to Owens. (*Id.*) Because the Receiver failed to follow the procedure in the Local Rules for sealing documents filed with the court, the court also struck the two documents from the record. (*Id.*)

On May 3, 2017, the Receiver filed a motion for a protective order. (ECF No. 221.) The Receiver requested that the court direct Owens to not disseminate the information contained in the two documents to any third party without first obtaining permission from the court upon a showing of her need to use the information in her defense. (*See id.* at 1.) In support of the motion, the Receiver asserted that the documents contained otherwise confidential information regarding the investigation and recoupment of assets for the Ponzi scheme's victims and financial and other information regarding settlement agreements reached with other putative defendants to the Receiver's claw back suits, which contain confidentiality provisions. (*See id.* at 1-2.) He argued that the protection he sought would permit Owens to have whatever information the documents contained that would be useful in mounting her defense in *Ashmore v. Owens*, while also preserving the Receiver's ability to maintain the privacy of information that is otherwise

confidential. (*See id.* at 2.)

On May 4, 2017, the court entered an order granting the Receiver's motion for a protective order. (ECF No. 222.) The court "f[ound] that the Documents contain very sensitive and confidential information related to the investigation and recoupment of assets for the victims of the . . . Ponzi scheme" and "financial information about individuals related to this case and settlement agreements, the majority of which contain confidentiality provisions." (*Id.* at 2.) The court explained that, in granting the motion, it "s[ought] to protect the information contained in the Documents while preserving Owens' ability to defend the claw back case brought against her in *Ashmore v. Owens*." (*Id.* (internal citation omitted).) Accordingly, the court ordered Owens to not use the information contained in the documents or disseminate it to any third party unless she first demonstrated a need to use the information for her defense and obtained the court's permission. (*See id.* at 1.)

On May 14, 2017, Owens filed the instant motion to vacate the court's protective order. (ECF No. 223.) She first notes that, normally, protective orders are entered under Fed. R. Civ. P. 26(c)(1). (*See* ECF No. 223 at 2.) She contends however that protective orders under Rule 26(c)(1) apply only to information obtained during discovery; that the information contained in the two documents at issue was not obtained during discovery; and that, therefore, there is no legal authority authorizing the issuance of the court's protective order. (*See id.*) Relatedly, Owens argues that, because the information was not obtained during discovery, the court's protective order implicates her First Amendment rights. (*See id.* (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984)).) She contends that the protective order constitutes an overly-broad prior restraint on her speech because it prevents her from disseminating information, some of which concededly does not require protection, in an effort to protect the portion of the information for which

3

safeguards are thought necessary. (*See id.*)

In response, the Receiver argues that Owens obtained the documents through discovery. (*See* ECF No. 224.) In the Receiver's view, he created and filed the documents with the court only pursuant to a court order to do so and only produced the documents to Owens pursuant to another court order to do so. (*See id.* at 2.) Thus, the Receiver claims, he was compelled to produce the documents to Owens through court order, and, therefore Owens' receipt of the documents was pursuant to a process amounting to discovery. (*See id.*) The Receiver emphasizes that the protective order imposes reasonable restrictions on Owens' use of the documents and allows her to use them in her defense. (*See id.*)

## II. LEGAL STANDARD

Neither party's skeleton-style briefing even attempts to set out the legal standard governing a motion to vacate. In the court's view, Owens' motion amounts to a request, pursuant to Fed. R. Civ. P 54(b) for the court to reconsider an order entered prior to the entry of a judgment that adjudicates all the claims in a case. *See Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017).

"[U]nder Rule 54(b), the 'district court retains the power to reconsider and modify its interlocutory judgments at any time prior to final judgment when such is warranted.'" *South Carolina v. United States*, ___ F. Supp. 3d ___, No. 1:16-cv-00391-JMC, 2017 WL 491694, at *4 (D.S.C. Feb. 7, 2017) (ellipsis omitted) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003)). Although "Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders" than the approach taken under a Fed. R. Civ. P. 59(e) "motion[] to reconsider *final* judgments," *Carlson*, 856 F.3d at 325; *accord South Carolina*, 2017 WL 491694, at *5, "district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the

4

standards of motions under Rule 59 for guidance," *South Carolina*, 2017 WL 491694, at *4 (citing *Ashmore v. Williams*, No. 8:15-cv-03633-JMC, 2017 WL 24255, at *2 (D.S.C. Jan. 3, 2017)). Additionally, "courts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Carlson*, 856 F.3d at 325 (citing *Canoe Ass'n*, 326 F.3d at 515); *accord South Carolina*, 2017 WL 491694, at *4 n.5. "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) 'a subsequent trial producing substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" *Carlson*, 856 F.3d at 325 (brackets omitted) (quoting *Canoe Ass'n*, 326 F.3d at 515); *accord South Carolina*, 2017 WL 491694, at *4 n.5. "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e)." *Carlson*, 856 F.3d at 325; *accord South Carolina*, 2017 WL 491694, at *4 n.5.

### III. ANALYSIS

In support of her motion, Owens has pointed to no new evidence or intervening change in the governing law. Rather, it appears that Owens requests that the court reconsider and vacate its protective order on the ground that the order is based on a clear error or law or fact causing a manifest injustice. Specifically, Owens appears to argue that, outside the discovery context, the court lacks authority to enter a protective order restricting her dissemination of information contained in the documents and that, therefore, any such order not only is based on legal error but also violates her First Amendment rights to the extent it constitutes a prior restraint.

The court disagrees with Owens' premise. For documents obtained outside the discovery process, courts retain the inherent authority to enter protective orders in order to control and preserve the integrity of their judicial proceedings. *See United States ex rel. Rector v. Bon Secours Richmond Health Corp.*, No. 3:11-cv-38, 2014 WL 66714, at *4 (E.D. Va. Jan. 6, 2014) (citing

5

*Cabotage v. Ohio Hosp. for Psychiatry, LLC*, No. 2:11-cv-50, 2012 WL 3064116, at *3 (S.D. Ohio July 27, 2012); *In re Shell Oil Refinery*, 143 F.R.D. 105, 108-09 (E.D. La. 1992)); *Pub. Citizen Health Research Grp. v. Food & Drug Admin.*, 953 F. Supp. 400, 404 (D.D.C. 1996); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (recognizing courts' authority to enter "protective orders over discovery and confidentiality orders over matters concerning other stages of litigation" including "over a settlement agreement"); *accord Hunt v. Enzo Biochem, Inc.*, 904 F. Supp. 2d 337, 343 (S.D.N.Y. 2012). "In exercising such power, the court is concerned only with 'balancing the scales' and protecting its judicial proceedings," *Pub. Citizen Health*, 953 F. Supp. at 404 (quoting *In re Shell*, 143 F.R.D. at 108-09), and is not focused on the putative rights of the party opposing protection, *cf. Hunt*, 904 F. Supp. 2d 343 (explaining that courts' inherent power to enforce protective orders stems not from rights of opposing party but from court's interest in managing litigation (citing *Eli Lilly & Co. v. Gottstein*, 617 F.3d 186, 195 (2d Cir. 2010))). The exercise of this authority is more appropriate where the information at issue is sensitive, is potentially subject to a privilege, or has limited relevance to the action at hand. *See Cabotage*, 2012 WL 3064116, at *4.

    Here, the court concludes that its protective order was entered not over discoverable material pursuant to Rule 26, but over material obtained outside the discovery process pursuant to its inherent authority to control and preserve the judicial proceedings before it. First, the only reason the Receiver created and submitted the documents was the court's order directing him to file regular reports as part of his obligation as the court-appointed receiver in this matter. The documents were not created or submitted to the court for the purpose of disclosing discoverable information to any party, and, as the court's previous orders suggest, it is not clear what, if any, relevance the documents have for Owens' defense. Indeed, throughout the proceedings on this

issue, the Receiver has argued that the documents have no relevance to Owens' defense or to the Receiver's claims against her (*see* ECF No. 212 at 2), and Owens has never challenged this argument or otherwise asserted that the documents are relevant to the claims or defenses at issue in *Ashmore v. Owens*.

Second, Owens received the documents pursuant to the court's disclosure order and not pursuant to any regular method of discovery. As for the disclosure order itself, it resulted from the court's exercising its inherent authority to fashion a remedy for the Receiver's failure to properly move to seal the documents and, therefore, in order to protect the integrity of the judicial proceedings before the court. Rather than unsealing the documents, the court struck the filings from the docket and ordered the Clerk's Office to provide Owens a copy of the documents. The court acted within its authority to strike the documents, and, once they were struck, there remained no documents in the record for the court to unseal. Nevertheless, the court ordered the documents to be disclosed to Owens, and the court emphasizes here that this disclosure was not ordered based on any of Owens' rights but, instead, based on the Receiver's failure to abide by the rules for filing sealed documents.[1]

Third, neither the Receiver's motion for a protective order nor the protective order itself referenced Rule 26 or suggested that the documents had been disclosed to Owens pursuant to the rules governing discovery or needed protection for the reasons outlined in Rule 26(c)(1). Moreover, the order itself states that its chief purposes were to safeguard the sensitive information of the Ponzi scheme's victims and preserve Owens' ability to defend against the Receiver's claims; it does not state that it was intended to ensure Owens' access to discoverable materials.

---

[1] In all of this, the court's actions were not inconsistent with any law or rule. *See* Fed. R. Civ. P. 83(b).

Additionally, the protective order was intended to protect the confidential settlement agreements into which the Receiver has entered with third parties so as to preserve the third parties' faith in the integrity of their agreements (not to mention the administration of justice under which the court assumes they fashioned their agreements) and to thereby facilitate similar settlements in the future.

In sum, the documents at issue were never subjected to the discovery process; they were never intended to be so subjected; and, ultimately, they were not disclosed to Owens pursuant to the discovery process. Instead, the court ordered their disclosure as a remedial measure, and the court's protective order was clearly intended to preserve the integrity of judicial proceedings before the court. Because the court entered the protective order pursuant to its inherent authority rather than pursuant to the authority conferred by Rule 26, Owens' arguments that the court committed clear error by entering a protective order outside the bounds of Rule 26 is meritless.

The court notes that Owens' argument is limited to her incorrect contention that the court lacked authority to enter a protective order outside the discovery context and further notes that, with one possible exception, she does not argue that, assuming the court had authority, it erred in deciding to exercise that authority. The possible exception is Owens' argument regarding her First Amendment rights. Although much of her First Amendment argument fails as a logical result of the court's discussion in the paragraphs above,[2] Owens appears to argue that the protective order amounts to a prior restraint on speech in violation of the First Amendment regardless whether the

---

[2] For instance, Owens' argument that the rule exempting from First Amendment protection information made available to a party through discovery does not apply here because the documents were not obtained during discovery (*see* ECF No. 223 at 2 (citing *Seattle Times*, 467 U.S. at 32)) is largely beside the point because the argument fails to consider whether information disclosed and protected pursuant to a court's inherent power is afforded First Amendment protection. Similarly, Owens' argument that she obtained access to the documents pursuant to her First Amendment rights (*see id.*) mischaracterizes the record: she obtained access through the court's inherent authority to remedy the Receiver's violation of the Local Rules and not as a matter of right or entitlement.

order was entered outside the context of the discovery process.

The court concludes that Owens has failed to show that the court has committed clear error in this regard because it is not clear that the First Amendment would apply to information disclosed to a party by a court order that exercises the court's inherent authority. Owens acknowledges the rule that the First Amendment does not protect a litigant's right to access information available only through discovery and that a Rule 26 protective order limiting the use of information obtained in discovery does not implicate First Amendment rights. (ECF No. 223 at 2 (citing *Seattle Times*, 467 U.S. at 32).) But she cites no authority (and the court has located no authority) standing for the proposition that this same rule would not apply to information, such as the information contained in the documents at issue in this case, obtained only through a court's remedial order. Thus, at most, the law remains unsettled on whether Owens has a First Amendment right to access information contained in the two documents and on whether the court's control over such information by way of a protective order implicates her First Amendment rights. In fact, the very principle of law on which *Seattle Times* relied—that "[t]he right to speak and publish does not carry with it the unrestrained right to gather information," *Zemel v. Rusk*, 381 U.S. 1, 16-17 (1965)—strongly suggests that, when, as here, a party lacks any independent right to access the information beyond the access afforded her for the purposes of adjudicating a dispute, no First Amendment rights inhere. *See In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296, at *4 (4th Cir. 1995) (per curiam) (unpublished table disposition) (concluding that First Amendment protections do not apply to documents in a court record when the "documents are not considered by the court, . . . do not serve as a substitute for a trial[,] and are more akin to discovery materials"); *In re Search Warrant for [redacted].com*, ___ F. Supp. 3d ___, No. 16-2316M (FFM), 2017 WL 1450314, at *7 (C.D. Cal. March 31, 2017) (explaining *Seattle Times* rule applies when the party "gather[s]

9

the information in question . . . with the aim of advancing [the party]'s interests in a lawsuit" (internal quotation marks omitted)). Because Owens has failed to demonstrate that the First Amendment clearly applies here, she has failed to demonstrate the court's protective order amounted to clear error in that it violated her First Amendment rights.

## IV. CONCLUSION

Because Owens has not demonstrated that the court committed clear error causing manifest injustice, she has failed to meet the Rule 54(b) standard required for the court to grant her request for reconsideration of the court's protective order. Accordingly, Owens' motion to vacate (ECF No. 223) is hereby **DENIED**.

**IT IS SO ORDERED**.

United States District Court Judge

June 12, 2017
Columbia, South Carolina